**YOUNGEVITY INTERNATIONAL, INC., a Delaware corporation, Plaintiff,**

v.

**RENEW LIFE FORMULAS, INC., a Florida corporation; Keil's Food Stores, a California corporation; Super Junior Inc., d/b/a Krisp Beverages and Natural Foods, a California corporation; Sunflower Farmers Markets, LLC, d/b/a Sprouts Farmers Markets, a Delaware limited liability company; and Pharmaca Integrative Pharmacy, Inc., a Delaware corporation, Defendants.**

No. 14CV1605 AJB KSC.

United States District Court, S.D. California.

Signed Aug. 13, 2014.

Boris Zelkind, David P. Kujawa, Seong–Hee Emily Lee, Knobbe Martens Olson & Bear LLP, San Diego, CA, Steven J. Nataupsky, Knobbe Martens Olson and Bear, Irvine, CA, for Plaintiff.

Daniel M. Cislo, Cislo and Thomas, Santa Monica, CA, James B. Lake, James McGuire McGuire, Thomas & Locicero PL, Tampa, FL, for Defendants.

## ORDER GRANTING DEFENDANT RENEW LIFE FORMULAS, INC.'S MOTION TO STAY

ANTHONY J. BATTAGLIA, District Judge.

Presently before the Court is Defendant Renew Life Formulas, Inc.'s ("Renew Life") motion to dismiss, stay, or transfer the case pursuant to the first-to-file rule.[1] (Doc. No. 13.) Plaintiff Youngevity International, Inc. ("Youngevity") filed an opposition on August 4, 2014, (Doc. No. 19), and Renew Life filed a reply on August 11, 2014, (Doc. No. 20). In accordance with Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for September 11, 2014 is hereby vacated. For the reasons set below, the Court GRANTS Renew Life's motion to stay. (Doc. No. 13.)

### *BACKGROUND*

#### I. Youngevity's Trademark

Youngevity is a Delaware corporation organized in 1997, and has its principal place of business in Chula Vista, Califor-

---

1. Counsel for Renew Life also represents Defendants Keil's Food Stores, Sunflower Farmers Markets LLC, dba Sprouts Farmers Market, and Pharmaca Integrative Pharmacy, Inc. Defendant Super Jr., Inc. has not filed a notice of appearance.

nia.[2] (Compl. ¶ 5.) Youngevity offers a variety of health care products and nutritional supplements, many of which are offered under the brand name ULTIMATE, including, but not limited to, ULTIMATE SELENIUM™, ULTIMATE ALUCO GEL™, ULTIMATE TANGERINE™, ULTIMATE DAILY™, ULTIMATE EFA PLUS™, ULTIMATE MINERAL CAPS™, ULTIMATE CLASSIC™, and ULTIMATE FLORA FX™. (*Id.* at ¶ 18.) Since at least early 2002, Youngevity has used the trademark ULTIMATE FLORA FX™, the mark at issue here, in commerce to market and sell its proprietary formula of probiotic products. (*Id.* at ¶ 19, Ex. B.)

From its inception, Youngevity has used a national direct sales approach to market and sell its inventory, offering its products through various commercial and retail channels. (*Id.* at ¶ 15.) Youngevity currently has over 70,000 independent distributors throughout the nation, and spends over $40 million annually on these sales efforts. (*Id.*) Youngevity's distributors reach customers through, among other avenues, the Internet (either through Youngevity-provided websites or third-party websites such as Amazon.com or eBay.com), the airwaves, trade shows, lectures, flea markets, and local shops throughout the nation. (*Id.* at ¶ 17, Ex. A.)

## II. Renew Life's Trademark

Since at least early 2005, Renew Life has been advertising, marketing, and selling in interstate commerce a variety of probiotic supplements under the ULTIMATE FLORA™ mark. (Doc. No. 19, Zelkind Decl., Ex. 3 ¶ 9.) Renew Life has expended substantial resources marketing and promoting the ULTIMATE FLORA™ mark, and as a result, contends that the ULTIMATE FLORA™ mark has achieved consumer recognition and various industry awards or recognitions. (*Id.* at ¶¶ 10–13.)

## III. Trademark Dispute

In early May 2014, Renew Life became aware that Youngevity was selling ULTIMATE FLORA FX™. (Doc. No. 13 at 2:8–9.) Thereafter, on May 6, 2014, Renew Life sent Youngevity a letter demanding that Youngevity cease using the ULTIMATE FLORA FX™ mark in connection with its probiotic products and supplements. (*Id.* at 2:10–11, Ex. E; Compl. ¶ 27, Ex. E.) On May 13, 2014, Youngevity responded to the letter, claiming that it had common law trademark rights over the ULTIMATE FLORA FX™ mark because Renew Life did not start manufacturing, distributing, and selling its products until after Youngevity began using the ULTIMATE FLORA FX™ mark in commerce to market and sell its products. (Compl. ¶ 23; Doc. No. 13 at 12–15, Fugate Decl., Ex. A.) Youngevity's response letter also demanded that Renew Life cease using its ULTIMATE FLORA™ mark because Renew Life's mark resembles Youngevity's mark when used in conjunction with the sale of probiotic supplements. (Doc. No. 13 at 14–15.)

On May 23, 2014, Renew Life responded to Youngevity's letter. (Compl. ¶ 29, Ex. F; Doc. No. 13 at 16–19.) In the letter, Renew Life again asserted its common law trademark rights in the ULTIMATE FLORA™ mark, and demanded that Youngevity cease using the ULTIMATE FLORA FX™ mark to market and sells its probiotic products and supplements. (Doc. No. 13 at 16–20.)

On June 3, 2014, Renew Life filed suit against Youngevity and its affiliated company, AL International, Inc. ("AL International"), in the district court for the Middle

---

**2.** Youngevity was formally known as American Youngevity. (Compl. ¶ 12.)

District of Florida. (Doc. No. 19, Zelkind Decl., Ex. 1.) The matter is entitled *Renew Life Formulas, Inc. v. Youngevity International, Inc., et al.,* Case No. 8:14–cv–1310–T–35EAJ (M.D.Fla.) (the "Florida Action"). (*Id.*) The Florida Action contains two counts: (1) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (2) deceptive and unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.211. (*Id.*) The summons and the complaint in the Florida Action were served on Youngevity on July 9, 2014. (Doc. No. 13 at 2:26–3:1.)

On July 3, 2014, one month after Renew Life filed the Florida Action, Youngevity filed the instant action before this Court (the "Complaint"). (Doc. No. 1.) The Complaint alleges five causes of action: (1) false designation of origin under 15 U.S.C. § 1125(a); (2) California common law trademark infringement; (3) unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code § 17200 *et seq.;* (4) California common law unfair competition; and (5) declaratory judgment of non-infringement under 28 U.S.C. §§ 2201, 2202. (*Id.*)

### DISCUSSION

Renew Life moves to dismiss, stay, or transfer this action to the Middle District of Florida under the first-to-file rule. Youngevity opposes the motion on the basis that the Florida Action is without merit and should be dismissed, the parties and issues are not substantially similar, and California is not a convenient forum for the parties' dispute. Each will be discussed below.

### I. First–to–File Rule

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th Cir.1982). Under this doctrine, known as the "first to file" rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit." *Id.* at 95. "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army,* 611 F.2d 738, 750 (9th Cir.1979). A federal district court has discretion to dismiss, stay, or transfer a case to another district under the first-to-file rule. *Alltrade, Inc. v. Uniweld Prods. Inc.,* 946 F.2d 622, 628 (9th Cir.1991) ("The most basic aspect of the first-to-file rule is that it is discretionary.")

Courts analyze three factors to determine the applicability of the first-to-file rule: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Schwartz v. Frito–Lay N. Am.,* No. C–12–02740 EDL, 2012 WL 8147135, at *2 (N.D.Cal. Sept. 12, 2012) (citing *Alltrade,* 946 F.2d at 625); *Inherent.com v. Martindale–Hubbell,* 420 F.Supp.2d 1093, 1097 (N.D.Cal.2006). In making this determination, courts are not "bound by technicalities," and may decline to apply the doctrine when there is evidence that the initial suit was an instance of forum shopping, was filed in bad faith, or was anticipatory. *Church of Scientology,* 611 F.2d at 749–50; *Xoxide, Inc. v. Ford Motor Co.,* 448 F.Supp.2d 1188, 1192 (C.D.Cal.2006).

### A. Chronology of Actions

The first factor is the chronology of the actions. Here, it is undisputed that

the Florida Action was filed a month before the Complaint in the instant action was filed. The fact that service of process in the instant action was completed before service of process in the Florida Action does not change this analysis. *See Pacesetter,* 678 F.2d at 96 n. 3 (9th Cir.1982) ("A federal action is commenced by the filing of the complaint, not by service of process."). Accordingly, the first factor is satisfied.

## B. Similarity of the Parties

The second factor is the similarity of the parties. Youngevity argues this factor is not met because this action includes four defendants that were not also named in the Florida Action: (1) Keil's Food Stores ("Keil's"); (2) Super Jr., Inc., d/b/a Krisp Beverages and Natural Foods ("Krisp Beverages"); (3) Sunflower Farmers Markets, LLC, d/b/a Sprouts Farmers Markets, LLC ("Sprouts"); and (4) Pharmaca Integrative Pharmacy, Inc. ("Pharmaca"). Youngevity further asserts that none of these defendants can be joined in the Florida Action unless they consent to personal jurisdiction in the Florida Action.

The addition of these four defendants is immaterial. "[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity." *Adoma v. Univ. of Phoenix, Inc.,* 711 F.Supp.2d 1142, 1147 (E.D.Cal.2010); *see also Inherent.com,* 420 F.Supp.2d at 1097. Exact identity of parties is not required. *Wallerstein v. Dole Fresh Vegetables, Inc.,* 967 F.Supp.2d 1289, 1290 (N.D.Cal.2013); *Pac. Coast Breaker, Inc. v. Conn. Electric, Inc.,* 2011 WL 2073796, at *3 (E.D.Cal. May 24, 2011) ("The [first-to-file] rule is

satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.") (citations omitted).

Here, the parties are substantially similar. Renew Life is a defendant in this action and the plaintiff in the Florida Action, and Youngevity is the plaintiff in this action and a defendant in the Florida Action. The addition of four defendants in this action and a defendant in the Florida Action does not alter this analysis. AL International, an additional defendant in the Florida Action, was presumably included because it is affiliated with Youngevity, and Keil's, Krisp Beverages, Sprouts, and Pharmaca were presumably included as defendants in this action because they each sell or distribute Renew Life's products.[3]

Accordingly, because resolution of both actions turn on the respective liability of Renew Life and Youngevity, and the first-to-file rule does not require strict identity of the parties, the second element is satisfied.

## C. Similarity of the Issues

The final factor is similarity of the issues. Youngevity contends that the actions involve different issues because the Florida Action involves a determination of Youngevity's trademark rights in ULTIMATE FLORA FX™ and the instant action involves a determination of Renew Life's trademark rights in ULTIMATE FLORA™. Therefore, Youngevity argues each action involves a consideration of different facts that occurred in different jurisdictions (California versus Florida).

---

**3.** Youngevity's filings with the California Secretary of State identify AL International as the entity doing business in California under the name Youngevity. (Doc. No. 13, Fugate Decl. ¶ 75) Furthermore Renew Life asserts that Keil's, Krisp Beverages, Sprouts, and Pharmaca are each Renew Life's customers, and in no way played a role in the creation, selection, or development of Renew Life's products. (*Id.* at ¶ 11.)

Youngevity's application of the law and view of the facts in both actions are misplaced. The first-to-file rule does not require strict identity of issues or "exact parallelism," but rather requires substantial similarity or overlap of the claims and issues. *Inherent.com*, 420 F.Supp.2d at 1099; *Bashiri v. Sadler*, No. CV 07–2268–PHX–JAT, 2008 WL 2561910, at *2 (D.Ariz. June 25, 2008) ("[W]hile specific legal issues vary across the litigations, the discovery and evidence necessary to litigate each is substantially similar"); *PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10–07576 MMM (SSx), 2011 WL 686158, at *2 (C.D.Cal. Feb. 16, 2011) (stating that the actions present similar issues if they present " 'closely related questions or common subject matter' ").

Here, both the Florida Action and the instant action concern the validity and enforceability of two competing trademarks. Although the claims in the two actions are brought under a variety of labels—Lanham Act, common law unfair competition, and state unfair competition laws (Florida or California), the key issues remain the same. To adjudicate the claims, both courts will have to decide whether Youngevity or Renew Life own common law trademark rights in the marks at issue, when (if ever) those rights vested, whether the marks have acquired secondary meaning, whether one party has a right to restrict the rights of the other party within a specified geographical zone, and whether the two marks are likely to cause consumer confusion. Therefore, similar to the court's determination in *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 959 (N.D.Cal. 2008), wherein the court found two separately filed actions involving the same trademark dispute substantially similar, here, the Court finds the two actions involving the disputed marks substantially similar. Any derivative claims alleged in connection with this trademark dispute do not detract from the core allegations in both actions. *See, e.g., Kelley Blue Book v. Car–Smarts, Inc.*, 802 F.Supp. 278, 288–89 (C.D.Cal.1992).

Accordingly, the Court finds the two actions substantially similar, and Youngevity's contention that the Florida Action is without merit best left to the Florida court.

### D. No Exceptions to the First–to–File Rule Apply

Even if a court finds the threshold factors weigh in favor of dismissing, staying, or transferring the action under the first-to-file rule, the court can, in its discretion, dispense with the rule for reasons of equity. *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84, 72 S.Ct. 219, 96 L.Ed. 200 (1952). Exceptions to the first-to-file rule include bad faith, anticipatory suit, and forum shopping. *Alltrade*, 946 F.2d at 629 (citations omitted). Youngevity only contends that the anticipatory suit exception applies.[4]

Generally, a suit is anticipatory when the plaintiff files suit upon receipt of specific, concrete indications that a suit by the defendant is imminent. *See, e.g., Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir.1967); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal. 1994); *Alaris Med. Sys. v. Filtertek, Inc.*, 64 U.S.P.Q.2d 1955 (S.D.Cal.2001) (finding anticipatory suits are disfavored because they are examples of forum shopping). In *Amerada Petroleum Corp. v. Marshall*, the Fifth Circuit found that the plaintiff's suit for declaratory relief was anticipatory where it was filed following receipt of the defendant's notice of intent to sue if plain-

---

4. The Court does not address other potential exceptions not raised.

tiff did not voluntarily submit to jurisdiction in a selected forum. 381 F.2d at 663.

 Here, Youngevity argues the Florida Action was anticipatory because Renew Life filed the Florida Action only after it discovered that it was the junior user of the mark and received a cease and desist letter from Youngevity. (Doc. No. 13, Fugate Decl., Ex. A.) The Court does not agree. Youngevity's demand letter never provided, specific, concrete indications that it was planning to file an imminent lawsuit against Renew Life. Instead, all the demand letter indicated was that Youngevity planned on continuing to use its ULTIMATE FLORA FX™ mark, and that Renew Life should cease and desist using its ULTIMATE FLORA™ mark. The demand letter concluded by instructing Renew Life to call "the undersigned at your earliest opportunity so we can discuss a resolution of the matter." (*Id.*)

Therefore, although Youngevity argues that Renew Life indicated to Youngevity that it was available to discuss a possible resolution and instead "rushed off to the courthouse to reserve a jurisdiction in its home forum," this does not support Youngevity's position that the Florida Action was anticipatory. (Doc. No. 19 at 13:17–19.) To the contrary, Renew Life may have filed the Florida Action following Youngevity's demand letter because it realized resolution of the matter outside the judicial context was impossible. Accordingly, the Court finds the Florida Action was not an anticipatory suit.

### E. Convenience of the Parties Under 28 U.S.C. § 1404

 Finally, "[a] court may relax the 'first-to-file' rule if the balance of convenience weighs in favor of the later filed action." *Ward,* 158 F.R.D. at 648. Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although the parties ardently dispute which forum is the most convenient, the Court will not resolve the dispute because the respective convenience of the two courts should be addressed by the court in the first-filed action. *Alltrade,* 946 F.2d at 628. Youngevity did not address this contention in its opposition.

### CONCLUSION

For the reasons set forth above, the Court finds the first-to-file rule applies, no exceptions exist, and resolution of whether California is a more convenient forum should be determined by the Florida court. As a result, because the Florida court has yet to rule on Youngevity's motion to dismiss, transfer, or stay, which was filed on July 30, 2014, the Court STAYS the action pending resolution of Youngevity's motion to dismiss, stay, or transfer before the Florida court. See, *e.g., Alltrade,* 946 F.2d at 629 (stating that where the first suit might be dismissed, the second suit should be stayed rather than dismissed); *British Telecomm. plc v. McDonnell Douglas Corp.,* No. C–93–0677 MHP, 1993 WL 149860, at *5 (N.D.Cal. May 3, 1993) ("Because some uncertainty exists as to the ultimate outcome of these issues in the Missouri action, a dismissal of this action would be inappropriate.").

The parties are directed to file a joint letter informing this Court of the Florida court's ruling within *14 days of its decision.* If the Florida court declines to transfer the action, Renew Life may seek to transfer this action to Florida at that time.

IT IS SO ORDERED.